**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MATTHEW JONES, <br><br> Plaintiff, <br><br> v. <br><br> ELEVATE CREDIT, INC., JESSE K. BRAY, STEPHEN B. GALASSO, JASON HARVISON, TYLER W.K. HEAD, MICHAEL PUGH, MANUEL SANCHEZ RODRIGUEZ, SAUNDRA D. SCHROCK, and BRADLEY R. STROCK, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. <br><br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Matthew Jones ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Elevate Credit, Inc. ("Elevate" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by an affiliate of Park Cities Asset Management LLC ("Park Cities").[1]

2. On November 16, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with PCAM Acquisition Corp. ("Parent") and PCAM Merger Sub Corp. ("Merger Sub").[2]  The Merger Agreement provides that Elevate stockholders will receive $1.87 in cash per share of Company common stock.[3]

3.       The Company's corporate directors subsequently authorized the January 17, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of the Exchange Act.

4.       It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote on the Proposed Transaction, so that they can properly exercise their rights, among other things.[4]

5.       For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Parent and Merger Sub are controlled by investment funds managed by affiliates of Park Cities.

[3] In connection with the Proposed Transaction, defendant Jason Harvison ("Harvison"), the Company's President and Chief Executive Officer ("CEO") and a member of the Board, and certain members of Elevate management have agreed to roll over their shares and/or restricted stock units ("RSUs") into new equity or equity incentive awards to be issued by Parent or one of its affiliates.  The rollover shares and RSUs represent approximately 7% of the Company's fully diluted equity.

[4] The stockholder vote on the Proposed Transaction currently is scheduled for February 15, 2023.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of Elevate common stock.

10. Defendant Elevate is a Delaware corporation with its principal executive offices located at 4150 International Plaza, Suite 300, Fort Worth, Texas 76109. Elevate's shares trade on the New York Stock Exchange under the ticker symbol "ELVT." Founded in 2014, Elevate provides online credit solutions to non-prime consumers in the United States. The Company offers unsecured online installment loans, lines of credit, and credit cards. Elevate's products include Rise, an installment loan product, Elastic, a line of credit product, and Today Card, a credit card product.

11. Defendant Jesse K. Bray is and is and has been a director of the Company at all times relevant hereto.

12. Defendant Stephen B. Galasso is and has been a director of the Company at all times relevant hereto.

13. Defendant Harvison is and has been President, CEO, and a director of the Company at all times relevant hereto.

14. Defendant Tyler W.K. Head is and has been a director of the Company at all times relevant hereto.

15. Defendant Michael Pugh is and has been a director of the Company at all times relevant hereto.

16. Defendant Manuel Sanchez Rodriguez is and has been a director of the Company at all times relevant hereto.

17. Defendant Saundra D. Schrock is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

18. Defendant Bradley R. Strock is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On November 16, 2022, the Company announced in relevant part:

FORT WORTH, Texas--(BUSINESS WIRE)--Elevate Credit, Inc. ("Elevate" or the "Company"), a leading tech-enabled provider of innovative and responsible online credit solutions for non-prime consumers, today announced it has entered into a definitive agreement to be acquired by an affiliate of Park Cities Asset Management LLC ("Park Cities"), an alternative asset manager focused on providing flexible debt solutions.

Park Cities will acquire Elevate for $1.87 per share in an all-cash transaction at an implied value of $67 million. Pursuant to the terms of the merger agreement, 7% of shares and shares underlying equity awards held by certain members of Elevate management are permitted to rollover into equity of the acquiring entity.

Founded in 2014, Elevate has reinvented non-prime credit with online solutions that provide financial relief today, and help people build a brighter financial future. The Company, along with the banks that license its technology, has originated more than $10 billion in credit to nearly 3 million non-prime consumers.

Park Cities brings decades of experience in consumer and commercial lending, extensive corporate finance acumen and significant operating experience that will allow Elevate to continue to serve credit-constrained Americans. Park Cities has a long relationship with Elevate and currently provides corporate debt as well as financing for the Today Card product. Park Cities is also based in Texas and intends to maintain Elevate's headquarters in Fort Worth, Texas.

"From the beginning, Elevate has strived to be the most trusted and preferred alternative credit provider for the 'New Middle Class'—the more than 100 million credit constrained Americans," said Jason Harvison, Chief Executive Officer of Elevate. "I am excited to build on our partnership with Park Cities and continue our work as a leader and innovator in the non-prime market. I look forward to working with the Park Cities leadership team and believe the Company will greatly benefit from their expertise and comprehensive understanding of the credit landscape."

"Elevate fills a massive void in the lending market, both through its suite of credit solutions and its powerful AI-driven technology platform," said Alex Dunev of Park Cities. "I am confident that we can help advance the Company's vision while it maintains its commitment to serving the non-prime consumer."

**Transaction Details**

The transaction, which was approved by the Elevate Board of Directors by the unanimous vote of those voting, is expected to close in the 1st Quarter of 2023, subject to customary closing conditions, including approval by Elevate shareholders and receipt of regulatory approvals.

Upon completion of the transaction, Elevate's shares will no longer trade on the New York Stock Exchange and Elevate will become a private company. The Company will continue to operate under the Elevate name and brand.

**Advisors**

Morgan Stanley & Co. LLC is serving as financial advisor to Elevate, and Morrison & Foerster LLP is acting as legal counsel.

Haynes and Boone LLP, Wick Phillips Gould & Martin LLP, and Husch Blackwell LLP are acting as legal counsel for Park Cities.

**The Materially Incomplete and Misleading Proxy Statement**

21.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on January 17, 2022.  The Proxy Statement, which recommends that Elevate stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; and (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Morgan Stanley & Co. LLC ("Morgan Stanley").

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for the Company*

22.     The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including the Company's dividend as utilized by Morgan Stanley in its *Dividend Discount Analysis*.[5]

23.     In addition, the Proxy Statement fails to disclose a summary of the "Stress Case" Projections utilized by Morgan Stanley, or a quantification of the changes made to the "August Projections" to arrive at the Stress Case.[6]

---

[5] According to the Proxy Statement, in performing this analysis Morgan Stanley utilized "dividends that the Company was forecasted to generate for the last fiscal quarter of 2022 and the calendar years 2023 through 2026 based upon the Management Case [.]" Proxy Statement at 61. The Proxy Statement fails, however, to disclose the Company's dividends over the projection period.

[6] The Proxy Statement sets forth that at an August 22, 2022 Board meeting, Company management provided the Board with its updated five-year financial forecast, which the Board approved for use in connection with a potential strategic transaction (the "August Projections"). *See id.* at 29.  On September 16, 2022, Elevate management provided the Board a projection set reflecting certain

*Material Misrepresentations and/or Omissions Concerning Morgan Stanley's Financial Analyses*

24.     The Proxy Statement fails to disclose material information concerning Morgan Stanley's financial analyses.

25.     With respect to the *Dividend Discount Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose: (a) the Company's terminal values; and (b) the Company's projected tangible book value as of the end of calendar year 2026.

26.     With respect to the *Public Trading Comparable Companies Analysis* and *Precedent Transactions Multiples Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose the respective individual financial metrics for each of the selected companies and transactions analyzed by the financial advisor

27.     The omission of the above-referenced information renders statements in the "Background of the Merger," "Forward-Looking Financial Information" and "Opinion of the Company's Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Additionally, the Proxy Statement fails to disclose a summary of the estimated future net operating losses available to Elevate.

28.     Absent disclosure of the foregoing material information prior to the vote on the Proposed Transaction, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

---

sensitivities to the August Projections, including "a softer economy and increased charge-offs across the Company's products relative to the August projections" (the "Stress Case"). *Id.* at 40.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Elevate**

29.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

30.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Elevate is liable as the issuer of these statements.

31.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

32.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

33.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

34.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

35.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

36. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

37. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38. The Individual Defendants acted as controlling persons of Elevate within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Elevate and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

39. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

40. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

41. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

42. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Elevate, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: January 19, 2023 **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*